Helen I. Zeldes (SBN 220051)
*helen@coastlaw.com*
Andrew J. Kubik (SBN 246902)
*andy@coastlaw.com*
**COAST LAW GROUP, LLP**
1140 S. Coast Hwy 101
Encinitas, CA 92024
Tel: (760) 942-8505
Fax: (760) 942-8515

Craig L. Briskin (*pro hac vice forthcoming*)
*cbriskin@findjustice.com*
**MEHRI & SKALET, PLLC**
1250 Connecticut Avenue, Northwest
Suite 300
Washington, DC  20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997

Attorneys for Plaintiff
Robert Wilde and the Putative Class

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILDE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FLAGSTAR BANK FSB and FLAGSTAR BANCORP INC.,<br><br>Defendants. | Civil Case No.: **'18CV1370 LAB BGS**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1.     Plaintiff Robert Wilde ("Plaintiff") brings this action, on behalf of himself and all others similarly situated, for restitution, damages, declaratory relief and/or injunctive relief against Flagstar Bank and Flagstar Bancorp, Inc. (collectively referred to herein as "Flagstar") for failure to pay interest on Plaintiff's mortgage escrow/impound account. Plaintiff alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## JURISDICTION AND VENUE

2.     This Court has personal jurisdiction over the Defendants because Defendants have conducted and continue to conduct business in the State of California, and because Defendants have committed the acts and omissions complained of herein in the State of California.

3.     This court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d), as Plaintiff (California) and Defendants (Michigan) are diverse, there are over 100 class members, and the amount in controversy exceeds $5 million.

4.     Venue is proper in the Southern District of California, because a substantial portion of the acts giving rise to this action occurred in this district and the property secured by the mortgage at issue is located in Ramona, CA.

## PARTIES

5.     Plaintiff Robert Wilde is, and at all times mentioned herein was, an individual citizen of the State of California and resident of San Diego County.

6.     Defendant Flagstar Bank FSB is a federal savings bank, and mortgage originator and servicer. According to its own website, Flagstar Bank "has assets of $17.7 billion, is the fifth largest bank mortgage originator nationally, and the third largest savings bank in the country."[1]

7.     Flagstar Bank is headquartered in Troy, Michigan. It operates 99 branches

---

[1] https://www.flagstar.com/about-flagstar.html

**CLASS ACTION COMPLAINT**

in Michigan and eight branches in California. Flagstar Bank's mortgage division operates nationally through 92 retail locations and a wholesale network of more than 1,700 brokers and correspondent lenders in all 50 states. It is also a leading servicer and subservicer of mortgage loans—handling recordkeeping for $104 billion in home loans.

8.      Defendant Flagstar Bancorp, Inc. operates as the holding company for Flagstar Bank. Flagstar Bancorp, Inc. is a Michigan corporation headquartered in Troy, Michigan and trades on the New York Stock Exchange under the symbol FBC

## INTRODUCTION AND STATEMENT OF FACTS

9.      Flagstar failed to pay interest on Plaintiff's mortgage escrow balance as required by law.

10.      The Federal Dodd-Frank Act further directly and specifically expresses a policy that consumers should retain the interest gained on their escrow accounts. Congress has mandated that "[i]f prescribed by applicable State or Federal law, each creditor shall pay interest to the consumer on the amount held in any impound, trust, or escrow account that is subject to this section in the manner as prescribed by that applicable State or Federal law."  15 U.S.C. §1639d(g)(3).  This requirement is in line with regulations of the United States Department of Housing and Urban Development ("HUD"), which states that: "[w]here escrow funds are invested, the net income derived from this investment must be passed on to the mortgagor in the form of interest…. in compliance with any state and/or regulatory agency requirements governing the handling and/or payment of interest earned on a mortgagor's escrow account."  HUD Handbook 4330.1, Rev-5, § 2-5.

11.      California law requires that the interest gained on the escrow accounts be disbursed back to the mortgagor every year, and when the mortgage is terminated. Civil Code §2954.8(a) states:

Every financial institution that makes loans upon the security of real property containing only a one-to-four-family residence and located in this state or purchases obligations secured by such property and that receives money in advance for payment of taxes and assessments on the property, for insurance, or for other purposes relating to the property, shall pay interest on the amount so held to the borrower. The interest on such amounts shall be at the rate of at least 2 percent simple interest per annum. Such interest shall be credited to the borrower's account annually or upon termination of such account, whichever is earlier. …. No financial institution subject to the provisions of this section shall impose any fee or charge in connection with the maintenance or disbursement of money received in advance for the payment of taxes and assessments on real property securing loans made by such financial institution, or for the payment of insurance, or for other purposes relating to such real property, that will result in an interest rate of less than 2 percent per annum being paid on the moneys so received.

12.     Flagstar systematically ignores the law and fails to disburse the interest from escrow accounts back to its customers.

13.     Plaintiff entered into mortgage contracts with Flagstar, wherein, based on the terms of the contracts, he was required to deposit funds into an escrow account Flagstar was required to pay interest on the escrow account back to Plaintiff if applicable laws so required.  The standard terms of the Deed of Trust executed by Plaintiff on December 23, 2016 include the following provision (emphasis added):

**3. Funds for Escrow Items**… Unless an agreement is made in writing or <u>Applicable Law requires interest to be paid on the Funds</u>, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds.

14.     Plaintiff has continuously, and on a timely basis, deposited funds into his escrow account for the year 2017. Plaintiff deposited approximately $1020.00 per month into his escrow account in order to pay for property taxes and home insurance.

15.     Plaintiff's impound account balance with Flagstar averaged approximately $5600.00 for 2017.

16.     Pursuant to Civil Code § 2954.8, Flagstar should have paid Plaintiff approximately $112.00 in interest for 2017.

17.     Upon preparing his tax return for 2017, Plaintiff noticed that Flagstar had

4
**CLASS ACTION COMPLAINT**

not sent him a Form 1099-INT, which would have reported how much interest Flagstar had paid Plaintiff on his escrow balance for 2017.

18.    On May 31, 2018, Plaintiff conducted an online chat with Flagstar and inquired as to why Flagstar had not sent him a Form 1099-INT for 2017.  A Flagstar representative responded, incorrectly, that Plaintiff's escrow account did not earn any interest in 2017.

## CLASS ACTION ALLEGATIONS

19.    Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. Proc. 23(a) 23(b)(2), and/or 23(b)(3).  The proposed class is defined as follows:

> All owners of one-to-four family residences located in California secured by a mortgage loan serviced by Flagstar Bank, FSB and/or Flagstar Bancorp, Inc. and who maintained an impound account through Flagstar for any time during the relevant period (June 21, 2014 through the date of class notice) and did not receive 2% simple interest on the balances of their impound accounts during the Class Period (hereinafter referred to as the "Class").

20.    Excluded from the Class are any entity in which Defendants have a controlling interest, officers or directors of Defendants, and the judge and court staff assigned to this case.

21.    Plaintiff reserves the right under Rule 23 to amend or modify the Class descriptions with greater specificity or further division into subclasses or limitation to particular issues, based on discovery.

22.    The members of the Class are so numerous that their individual joinder is impracticable.  The number of mortgages held and/or services by Flagstar number in the thousands throughout the California, which is a reflection of the number of putative Class members in this action.  In as much as the class members may be identified through business records regularly maintained by Flagstar and its employees and agents, and through the media, the number and identities of class members can be ascertained.  Members of the Class can be notified of the pending action by e-mail,

1  mail, and supplemented by published notice, if necessary

2       23.    There are questions of law and fact common to the Class.  These questions

3  predominate over any questions affecting only individual class members.  These

4  common legal and factual issues include, but are not limited to: a) whether Flagstar has

5  systematically engaged in a conduct that is a per se violation of state and federal laws

6  with respect to the disbursement of the interest accrued on impound accounts back to its

7  customers; b) whether Flagstar 's conduct breached the mortgage agreements with its

8  customers; c) whether Flagstar must provide restitution and reimbursement in the

9  amount of interest accrued on escrow accounts to its customers based on the causes of

10  action asserted herein; d) whether declaratory and/or injunctive relief is appropriate to

11  prohibit Flagstar from engaging in this conduct in the future; and (e) whether Flagstar's

12  conduct is likely to deceive a reasonable consumer or is otherwise an unfair business

13  practice.

14       24.    The claims of Plaintiff are typical of the claims of each member of the

15  Class.  Plaintiff, like all other members of the Class, is owed restitution arising from

16  Flagstar's violations of laws, as alleged herein.  Plaintiff and the members of the Class

17  were and are similarly or identically harmed by the same unlawful, deceptive, unfair,

18  systematic, and pervasive pattern of misconduct engaged in by Flagstar.

19       25.    Plaintiff will fairly and adequately represent and protect the interests of the

20  Class members and has retained counsel who are experienced and competent in

21  complex and class action litigation.  There are no material conflicts between Plaintiff's

22  claims and those of the Class that would make class certification inappropriate.

23  Counsel for the Class will vigorously assert the claims of all Class members.

24       26.    This suit may be maintained as a class action because questions of law and

25  fact common to the Class predominate over the questions affecting only individual

26  members of the Class and a class action is superior to other available means for the fair

27  and efficient adjudication of this dispute.  The damages suffered by individual class

28  members are small compared to the burden and expense of individual prosecution of

the complex and extensive litigation needed to address Flagstar's conduct.  Further, it would be virtually impossible for the members of the Class to individually redress effectively the wrongs done to them.  Even if Class members themselves could afford such individual litigation, the court system could not.  In addition, individualized litigation increases the delay and expense to all parties and to the court system resulting from complex legal and factual issues of the case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  By contrast, the class action device presents far fewer management difficulties; allows the hearing of claims which might otherwise go unaddressed because of the relative expense of bringing individual lawsuits; and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

27.    This action is properly maintained as a class action pursuant to Fed. R. Civ. Proc. 23(b) because:

a.    Without class certification and determination of injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the Class will create the risk of:

i.    Inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class; or

ii.    Adjudication with respect to individual members of the Class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

b.    The parties opposing the Class have acted or refused to act on grounds generally applicable to each member of the Class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the Class as a whole; or

c. Common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a Class

Action is superior to other available methods of the fair and efficient adjudication of the controversy, including consideration of:

      i.  The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

      ii. The extent and nature of any litigation concerning controversy already commenced by or against members of the Class;

      iii. The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

      iv. The difficulties likely to be encountered in the management of a class action.

## <u>COUNT I</u>

**(Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code 17200 et seq.)**

28.    Plaintiff incorporates by reference all prior paragraphs as though set forth herein.

29.    Flagstar's conduct is "unlawful" as a result of failing to pay interest in escrow/impound accounts as required by Cal. Civil Code §2954.8 and 15 U.S.C. §1639d(g)(3) as alleged herein.

30.    Flagstar's conduct is "fraudulent" because is likely to deceive a reasonable consumer. Flagstar's conduct does and is likely to deceive because Flagstar promises to pay interest pursuant to applicable law, but then, without notice, fails to pay interest as promised.

31.    Flagstar's conduct is "unfair" because the injury to consumers is substantial, the injury was not avoidable by consumers, and Flagstar's unfair conduct does not provide any corresponding benefit to California consumers. There are reasonably available alternatives to further Flagstar's legitimate business interest, other than the conduct described herein.

32.    Plaintiff lost approximately $112 in interest. Multiplied by the thousands

of other customers of Flagstar who are owed money pursuant to Civil Code §2954.8, the injury is substantial. The injury was not avoidable by Plaintiff and the Class, because Flagstar decided to stop paying interest unilaterally. Plaintiff's and Class members' injuries are not outweighed by any countervailing benefits, if any.

33.    Plaintiff relied on Flagstar's misrepresentation that it would pay interest on his escrow/impound account. Specifically, Plaintiff viewed and read section 3 of his Deed of Trust that states: "[u]nless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds."

34.    Plaintiffs and members of the California public have suffered injury in fact and lost money as a result of Flagstar's acts of unlawful, fraudulent, and unfair competition as alleged herein.

35.    Unless enjoined and restrained by a court of law, Flagstar will continue to commit the foregoing violations with respect to Plaintiff, Class members, and other members of the general public of the State of California.

36.    Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiffs are entitled to restitution of the interest Flagstar wrongfully withheld and an order requiring Flagstar to comply with California and Federal law regarding the payment of interest on escrow/impound accounts.

## <u>COUNT II</u>

### (Breach of Contract)

37.    Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

38.    Flagstar was bound by the mortgage agreements with Plaintiff and the Class.   Specifically, section 3 of Plaintiff's Deed of Trust that states: "[u]nless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds."

**CLASS ACTION COMPLAINT**

39.    Plaintiff, and all others similarly situated, did all, or substantially all, of the significant things that the agreements required them to do.

40.    Meanwhile, Flagstar failed to perform the terms of the agreements to comply with applicable state and federal law in being required to pay interest accrued on Plaintiff and the Class' escrow/impound accounts back to Plaintiff and Class members, as set forth above, thereby breaching the agreements.

41.    As a result, Plaintiff and the Class members have been harmed by Flagstar's breach of contract.

## COUNT III

### (Money Had and Received)

42.    Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

43.    Flagstar has obtained money from Plaintiff and the Class members by the exercise of undue influence, menace or threat, compulsion or duress, and/or mistake of law and/or fact.

44.    As a result, Flagstar has in its possession money which in equity belongs to Plaintiff and the Class members which should be refunded to Plaintiff and the Class members.

## COUNT IV

### (Negligence)

45.    Plaintiff incorporates by reference and re-alleges all paragraphs previously alleged herein.

46.    As a general rule, persons have a duty to use due care to avoid injury to others, and may be held liable if their careless conduct injures another person.  (See Civ. Code § 1714.)

47.    Flagstar had and continues to have a duty to maintain its customers' escrow accounts pursuant to the requirements of federal and state laws and to prevent unlawful withholding of the interest accrued on the escrow accounts through its own

**CLASS ACTION COMPLAINT**

wrongful acts.  Specifically, Flagstar owed a duty of care to Plaintiff and the Class members to follow state and federal laws and regulations in disbursing interest accrued on customers' funds held in escrow accounts back to the customers, instead of keeping the interest for its own profits.

48.    Flagstar breached this duty by unreasonably mishandling the accounts of Plaintiff and the Class members by unlawfully retaining the interest accrued on the escrow accounts of Plaintiff and the Class members.

49.    As a proximate result of Flagstar's negligence, Plaintiff and each class member has been damaged in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, respectfully requests that the Court grant the following relief against Defendants:

1. An order certifying the Plaintiff's claims for class treatment and appointing Plaintiff as representative plaintiff and his counsel Coast Law Group LLP and Mehri & Skalet, PLLC as class counsel;

2. An order enjoining Defendants under California Business and Professions Code §§ 17203:

   a. To cease such acts and practices declared by this Court to be an unlawful, fraudulent, or an unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition;

   b. To disgorge all profits and compensation improperly obtained by Defendants as a result of such acts and practices declared by this Court to be an unlawful, fraudulent, or unfair business act or practice, a violation of laws, statutes, or regulations, or constituting unfair competition;

3. For damages for Plaintiff's claims for breach of contract, money had and received, and negligence;

4. Attorney's fees and costs pursuant to Cal. Code Civ. Proc § 1021.5;

**CLASS ACTION COMPLAINT**

5.  For prejudgment interest to the extent allowed by law;

6.  For such other and further relief as the Court deems appropriate.

Dated: June 21, 2018                    Respectfully submitted,

                                        **COAST LAW GROUP LLP**

                                        By: /s/ *Helen I. Zeldes*
                                        Helen I. Zeldes, Esq. (SBN 220051)
                                        helen@coastlaw.com
                                        Andrew J. Kubik
                                        andy@coastlaw.com (SBN 246902)

                                        Craig L. Briskin (*pro hac vice* forthcoming)
                                        cbriskin@findjustice.com
                                        MEHRI & SKALET, PLLC
                                        1250 Connecticut Avenue, Northwest
                                        Suite 300
                                        Washington, DC  20036
                                        Telephone: (202) 822-5100
                                        Facsimile: (202) 822-4997

                                        Attorneys for Plaintiff
                                        Robert Wilde and the Putative Class

**CLASS ACTION COMPLAINT**