# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILDE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FLAGSTAR BANK FSB., et al.,<br><br>Defendants. | CASE NO. 18cv1370-LAB (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [Dkt. 11]** |

Plaintiff Robert Wilde alleges that Defendant Flagstar Bank FSB failed to pay interest on his mortgage escrow account in violation of California Civil Code § 2954.8(a). Flagstar now moves to dismiss, arguing that Wilde did not comply with the loan's "notice-and-cure" provision prior to bringing suit and that, in any event, his complaint fails to state a claim. For the reasons below, Flagstar's motion is **GRANTED**.

## BACKGROUND

In 2016, Robert Wilde obtained a mortgage that was serviced by Flagstar Bank. To provide security for the loan, Wilde executed a Deed of Trust, which required him to pay funds into an escrow account. *See* RJN, Dkt. 11-1, Ex. A at § 3.[1] Section 3 of the

---

[1] This document, although not attached to the complaint, is a basis for at least some of Wilde's claims and is therefore properly incorporated by reference into his complaint. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Wilde does not dispute this, so Flagstar's request for judicial notice is **GRANTED**. Dkt. 11-1.

Deed of Trust provided that "[u]nless an agreement is made in writing or Applicable Law requires interest to be paid on the [escrow] Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds." *Id.* Based on this provision—and despite California Civil Code section 2954.8(a), which generally requires that "financial institutions" pay interest on escrow accounts—Flagstar never paid Wilde interest on his account. Wilde then brought this suit on behalf himself and a putative class of California residents with loans serviced by Flagstar. Specifically, Wilde asserts four causes of action relating to Flagstar's servicing of his loan: (1) violation of Business and Professions § 17200, *et seq.* ("UCL"); (2) breach of contract; (3) money had and received; and (4) negligence.

## ANALYSIS

Flagstar argues that the entire complaint must be dismissed because Wilde did not comply with the Deed of Trust's requirement that he provide Flagstar notice and an opportunity to cure prior to filing suit. Section 20 of the Deed of Trust provides:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party . . . of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. RJN, Dkt. 11-1, Ex. A at § 20.

The parties agree that Wilde did not provide notice and an opportunity to cure prior to filing suit, so the only question before the Court is whether some or all of his claims fall within this contractual provision such that his failure to provide notice and an opportunity to cure requires dismissal.[2] Flagstar argues that Wilde's claims all "arise from [Flagstar's]

---

[2] The parties also seem to agree that Flagstar, the loan servicer, is covered by the terms of the Deed of Trust, even though the document speaks only to the "[b]orrower" and "[l]ender." *See also Giotta v. Ocwen Loan Servicing, LLC*, 706 F. App'x 421, 422 (9th Cir. 2017) (construing an identical provision as extending to servicers).

actions pursuant to the [Deed of Trust]" or a "duty owed by reason of . . . the [Deed of Trust]" because the claims relate to Flagstar's loan servicing, and specifically whether Flagstar was required to pay interest on the escrow account. Wilde, by contrast, argues that his claims are not subject to the notice-and-cure provision because they arise not from the terms of the Deed of Trust but instead from a separate statutory duty to pay interest that is "independent of any contract between the parties."

Recent cases on this issue illustrate the parties' respective views. In *Giotta v. Ocwen Fin. Corp.*, 2016 WL 4447150 (N.D. Cal. 2016), plaintiffs, who had signed a deed of trust containing an identical notice-and-cure provision, alleged the defendant companies had artificially inflated fees for mortgage loan servicing that were then billed through to the homeowners. The court found that all of plaintiffs' allegations, which included claims under California's UCL and various other state and federal consumer protection statutes, "f[e]ll squarely within the ambit of the notice-and-cure provision" because they "ar[o]se from the property inspections and [broker price opinions] obtained by [a defendant] and charged to Plaintiffs pursuant to the terms of the Deed of Trust." *Id.*, at *4. In an unpublished memorandum disposition, the Ninth Circuit affirmed, holding that the suit was a "judicial action . . . that *arises from* the other party's actions *pursuant to* this Security Instrument" because "the Deed of Trust authorized property inspections and valuations to protect the Lender's interest in the property and to pass the fees for those services on to the borrower." *Giotta v. Ocwen Loan Servicing, LLC*, 706 F. App'x 421, 422 (9th Cir. 2017) (emphases in original).

Two district courts recently considered the *Giotta* opinion in the context of the same claim Wilde makes: that a servicer's failure to pay interest on an escrow account is unlawful conduct under California's UCL. In *Smith v. Flagstar Bank, FSB,* 2018 WL 3995922, at *4 (N.D. Cal. 2018), the court concluded that, based on *Giotta*, it had "no alternative but to grant the motion to dismiss" where Plaintiff failed to comply with the notice-and-cure provision before bringing a UCL claim based on the lender's failure to pay interest on the escrow account.

The court reached the opposite conclusion in a subsequent case, *McShannock v. JP Morgan Chase Bank N.A.*, 2018 WL 6439128 (N.D. Cal. 2018). In relevant part, that case held:

> Per the notice and cure provision, Plaintiffs are obligated to give notice in two circumstances: first, where their grievance "arises from" Chase's "actions pursuant to" the Deeds of Trust, and second, where they "allege[ ] that [Chase] has breached any provision of, or any duty owed by reason of," the Deeds of Trust. As to the first prong, the Deeds of Trust provide that, "Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds [in the escrow account], Lender shall not be required to pay Borrower any interest or earnings on the funds." The "Applicable Law" here is § 2954.8, which requires lenders to pay two percent interest on escrow funds. Cal. Civ. Code § 2954.8(a). The Deeds of Trust, by incorporating § 2954.8, arguably require Chase to pay escrow interest to Plaintiffs. Thus, there is a fair argument that Chase's alleged non-payment of escrow interest is not "pursuant to" the Deeds of Trust, and Plaintiffs were therefore not required to give notice before bringing this suit. *Id.*

The Court respectfully disagrees with the analysis in *McShannock* and adopts the reasoning of *Giotta* and *Smith*. Here, as in each of these other cases, Wilde was required provide notice and an opportunity to cure for any claims arising from Flagstar's "actions pursuant to" the Deed of Trust. In turn, the Deed of Trust provided that Flagstar had no obligation to pay interest on the escrow account unless "applicable law"—e.g., § 2954.8—provides otherwise. Flagstar's decision not to pay interest on the account was therefore a decision made "pursuant to" the Deed of Trust. Even if that decision was unlawful in light of § 2954.8 or constituted a breach of the contract, it was a decision made "pursuant to" terms of that contract, and Wilde was required to first give Flagstar notice and an opportunity to cure prior to bringing suit. Had Wilde given Flagstar notice of the violation, Flagstar would have had the opportunity to bring its policies into compliance with California state law, thus avoiding expensive litigation like this. *See Higley v. Flagstar Bank, FSB*, 910 F. Supp. 2d 1249, 1253 (D. Or. 2012) ("The notice-and-cure provision is

intended to give the allegedly breaching party an opportunity to cure its breach."). On the other hand, had Flagstar not cured the defect after being notified, Wilde would be perfectly entitled to pursue this action (and do so on behalf of a class that was similarly affected).

The Court agrees that there are situations in which a statutory right could exist independent of the contract. If, for example, the contract was silent on whether Flagstar was required to pay interest, its failure to do so under § 2954.8 would be a violation that would clearly arise independent of the contract. But where the contract specifically speaks to the issue governed by statute, it is subject to the notice-and-cure provision.

While the Court's focus thus far has been on Wilde's UCL claim, the determination that his UCL claim is barred by his failure to comply with the notice-and-cure requirement applies with equal force to his other claims. His second cause of action for breach of contract necessarily falls within the scope of the notice-and-cure provision because it directly relates to Flagstar's performance under the contract. Likewise, his third cause of action for "money had and received" amounts to an allegation that Flagstar wrongfully obtained money (by failing to pay interest) that should have been transferred to Wilde instead. Any failure to pay interest was, again, based on the Deed of Trust and therefore subject to its notice-and-cure provision. Finally, Wilde's negligence claim is essentially a reiteration of his breach of contract and UCL claims; the argument being that Flagstar had a "duty" to maintain its customers' escrow accounts in accordance with federal and state laws and that it breached that duty by not paying interest. Because this claim also relates to Flagstar's decision to withhold interest under the Deed of Trust, it is subject to the notice-and-cure provision and should be dismissed.[3]

/ / /

/ / /

---

[3] Because the Court concludes that Wilde's failure to comply with the notice-and-cure provision requires dismissal as to all his claims, it does not address Flagstar's various other arguments as to why Wilde's third and fourth causes of action should be dismissed. The Court also does not address Flagstar's request to dismiss co-defendant Flagstar Bancorp, Inc., which is moot in light of Wilde's voluntary dismissal of that party. Dkt. 19.

## **CONCLUSION**

Defendant's motion to dismiss is **GRANTED**. Because the time for complying with the notice-and-cure provision expired when Wilde filed suit—and because Wilde does not allege in either his complaint or opposition that he complied with this provision—amendment would be futile. Wilde's claims are **DISMISSED WITH PREJUDICE.** The clerk is directed to enter judgment in favor of Flagstar and close the case.

**IT IS SO ORDERED**.

Dated: March 8, 2019

*[signature]*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge